STATE PERSONNEL COMMISSION,
Defendant Below, Appellant,

v.

Supreme Court of Delaware.

Submitted June 5, 1980.

Decided Aug. 20, 1980.

Charles J. Durante, Deputy Atty. Gen. (argued), Dover, for defendant below, appellant.

Harvey B. Rubenstein (argued), Wilmington, for plaintiffs below, appellees.

Before McNEILLY, QUILLEN and HORSEY, JJ.

PER CURIAM:

We state the facts with heavy, and sometimes verbatim, reliance on the letter opinion of the Superior Court in this case.

Plaintiffs Council 81 and its affiliated Local Union 1726 are the certified bargaining representatives of the bargaining unit comprised of certain classifications of employees at the New Castle, Kent and Sussex Correctional Institutions. A vacancy in the position of Counselor Supervisor occurred at the Sussex Correctional Institution in Georgetown. The position of Counselor Supervisor is within the bargaining unit represented by the Union.

Plaintiff Paul W. Howard applied for the vacant position. At the time of his application Howard was employed by the State of Delaware as a Counselor in the Bureau of Adult Correction in the Department of Correction. His position of Counselor was within the bargaining unit. Another state employee, James K. Caudill, also submitted an application for the vacancy. He was already a Counselor Supervisor in the Probation and Parole Office of the Department of Correction in Milford, but that position was outside of the bargaining unit. Members of Field Services in Corrections were not entitled to join the bargaining unit at the time in question. For Howard this opportunity represented a promotion whereas for Caudill it would have been merely a transfer. Caudill was awarded the job by the Department of Correction.[1]

From this decision a grievance was filed by plaintiffs. When the Commissioner of Correction denied it, plaintiffs appealed to arbitration. In upholding the grievance, the arbitrator generally decided that under the provisions of the collective bargaining agreement the position had to be awarded to the most senior qualified employee who applied from the bargaining unit. He also decided that if the position were filled by a promotion, the person promoted need not be a member of the bargaining unit, but that the position could not be filled by the transfer of a person from outside of the unit.[2]

The arbitrator ordered that the position be vacated and filled in conformity with his decision.

The arbitrator noted the question was a "fairly close one" which was not discussed in the negotiations but concluded that the "lateral transfer of an employee from outside the bargaining unit [was] improper, absent any determination that there were no qualified applicants from within the bargaining unit." It is important to note that the Department conceded at the arbitrator's hearing that the case was governed by the collective bargaining agreement and not the Merit Rules promulgated by the State Personnel Commission.

Following the arbitrator's decision, the job was reposted and filled by Mr. Howard, a member of the bargaining unit qualified for the position. Mr. Caudill was told that, in light of the decision, he was not considered for the position. Caudill had not been a party in the arbitration.

Caudill then filed a grievance with the State Personnel Commission. Plaintiffs were not parties to that proceeding. The Commission reversed the arbitrator and held that the collective bargaining agreement could not affect the transfer rights of an employee not within a bargaining unit and that the Merit Rules govern such an intradepartmental situation.[3]

---

1. This case does not concern the merits of the exercise of departmental discretion in choosing Caudill over Howard. We note in passing, however, that the statute has a provision favoring promotion and the merit system rules include a rule permitting preference within a unit. 29 *Del.C.* § 5918; Rule 13.0100. Neither, however, would foreclose consideration of Caudill as a candidate. The challenge here is directed toward Caudill's opportunity to be considered and not to the merits of the exercise of discretion if such exercise is legally permissible. The factual recitation and procedural history strongly suggest a need to develop procedures to get all interested parties before the appropriate fora.

2. Section 1 of Article VI of the collective bargaining agreement included the following provisions which were relied on by the arbitrator: "(b) Selection for promotion and/or transfer to a more desirable position within the bargaining unit shall be made on the basis of seniority in grade, and ability and fitness. Ability and fitness being considered equal, seniority shall prevail. Any dispute arising over the lack of an Agreement shall be subject to the Grievance Procedure."

\* \* \* \* \* \*

"(e) With respect to temporary promotions and transfers and the filling of temporary vacancies or new jobs caused by reason of layoffs, or leaves of absence, it is agreed that said jobs will be filled on the basis of seniority as defined in Section 1, item (b) of this Article. However, the Department will consider any employee *within the Department* for promotion and not just from the bargaining unit...."

3. The Merit Rules include the following provision:
"*13.0210*
"An employee may be transferred within an agency or department by an appointing authority from one position to another position within

The plaintiffs then went directly to the Superior Court in a declaratory judgment action. Finding the Commission's powers "not unbridled", the Superior Court noted that the statute, at 29 *Del.C.* § 5925,[4] states that the "rules shall provide for transfer from a position in one department or agency to a similar position in another department or agency involving similar qualifications, duties, responsibilities and pay range." The Superior Court interpreted this language as "only permit[ting] ... rules which affect inter–departmental transfers" and that "an intra–departmental transfer is a matter that the individual department alone can handle." The Superior Court went on to hold that the Department of Correction was bound by the negotiated promotion and transfer rights of the contract[5] which were consistent with "the favorable position that promotion enjoys" in the statute and merit rules.[6] Caudill was not made a party.

As we see it, the appeal can be limited to two narrow issues, the validity of Rule 13.-0210, and the applicability of the rule to these facts.

■ Since the Commission's view in this matter is tied to the validity of Rule 13.-0210, we turn initially to that disputed question. The statutory subchapter on rules contains a general section, § 5914,[7]

followed by specific sections directing that the rules "shall" provide for certain matters, §§ 5915–5937. Much of the argument in the case centers around whether or not any of the specific statutory sections give a mandatory direction for the promulgation of a rule concerning intradepartmental transfers. We ignore that debate. Rather, we agree with another argument made by the Commission. We find from the general nature of the merit system statute, which provides in § 5914 a procedure whereby "proposed rules covering the classified service" become law, that rules relating to such a common phenomenon as intradepartmental transfers are necessarily included within the permissive grant of regulatory authority. *Atlantis I. Condominium Association v. Bryson*, Del.Supr., 403 A.2d 711, 713 (1979). Our view that the rule making power so extends is consistent with the fact that the substance of the rule in question has been in effect since 1969 (shortly after the merit system enactment) and numerous other rules currently exist for which there is no express mandate in the statute.[8]

■ The second question concerns § 5938(d) which provides certain rules "shall not apply to any employee in the classified service represented by an exclusive bargaining representative to the extent the subject thereof is covered in whole or in part by a collective bargaining agreement ...."

the definition of 'transfer' as provided by Section 2, provided that the Director certifies that the candidate for transfer possesses the minimum qualifications for the position."

Thus, under the Rules, Caudill was entitled to transfer if he was certified as to the minimum qualifications by the Director of the Personnel Commission and if he was transferred by the Department of Corrections.

**4.** All statutory references herein are to Title 29, Chapter 59. The rule governing interdepartmental transfers reads as follows:

"*13.0220*

"A transfer of an employee from one agency or department to another must have the prior approval of the present and proposed appointing authorities and the Director. The Director will require a performance evaluation and the verification of leave credit and other transferring payroll information."

**5.** See footnote 2, *supra*.

**6.** See footnote 1, *supra*.

**7.** 29 *Del.C.* § 5914 provides:

"§ 5914. Rules; hearing; adoption.

"The Director shall prepare and submit to the Commission proposed rules covering the classified service. The rules shall be reviewed by the Commission at a public hearing held following public notice. The rules, as they may be amended by the Commission, shall become law upon the completion of the public hearing, except that any rules relating to a pay plan for employees in the classified service shall become law only after being approved as set forth herein. After public notice and public hearing, the Commission, on its own motion, may establish, adopt and amend such rules."

**8.** The Commission notes in its brief rules governing: overtime pay; pay for working on vacation days; reclassification of positions; and certain appeal rights.

Since this subsection is only applicable to rules mandated by certain specific statutory sections, it is conceivably questionable whether it applies to the intradepartmental transfer rule at all. But assuming it is applicable to the rule in question, and it makes subject matter sense that it should be, it certainly is not intended to extend to a case of an employee like Mr. Caudill who was not a member of the bargaining unit and consequently had no chance to assent, or even participate by discussion and voting, in a contract between the Department of Correction and Local 1726. And it is Caudill, not a member of the bargaining unit, who is barred, through no fault or inaction of his own,[9] as a consequence of plaintiffs' argument.

We are reassured in the conclusion we have reached if our view is tested by common sense policy. Under the argument for the plaintiffs an employee in the department but not the bargaining unit was eligible for promotion to the vacant position and an employee in another department, assuming the requisite approvals, could transfer to the vacant position. Only a duly qualified employee within the department but not the bargaining unit, who in this case happened to be performing the same descriptive job, would be ineligible for transfer. And when one realizes further that all Mr. Caudill was asking was a chance to compete for the position without the exclusion of any other competitor, it is difficult to see merit in the position advocated by the plaintiffs from a quality service standpoint.[10]

The judgment of the Superior Court is reversed and the order of the State Personnel Commission insofar as it directed Mr. Caudill "to be reinstalled in the position" is reinstated.

**9.** As the Commission notes, as to Howard, the matter is a promotion, an area where the Merit Rules control over a collective bargaining agreement. 29 *Del.C.* § 5938(c); § 5918.

**10.** As the Commission said:
"Indeed, the paradox resulting from a literal interpretation of the arbitrator's award is that were Caudill at pay grade 22, he would have

been allowed to apply for the SCI position on the same basis as a member of the bargaining unit, but since he was already at pay grade 23, he could not."
Similarly, were Mr. Caudill at pay grade 23 in a department foreign to Corrections, he could apply for transfer.